## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **APRIL MINNICK, LILY RIHANI, AND LATALIA CUNNINGHAM** ) ) ) | |
| **Plaintiffs,** ) ) | **CASE NO.** _1:19-cv-05149_ |
| **V.** ) ) | **JURY TRIAL DEMANDED** |
| **CSWS, LLC, SEIF EL-SHARIF, AND DEBORAH DIEZ** ) ) ) | |
| **Defendants.** ) ) ) | |

## ORIGINAL COMPLAINT & JURY DEMAND

### I.      SUMMARY

1.      Defendant CSWS, LLC d/b/a Ocean's Gentlemen's Club, Seif-El Sharif, and Deborah Diez (hereafter "Defendants") required and/or permitted April Minnick, Lily Rihani, and Latalia Cunningham, (hereafter "Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons and even some of those tips were illegally confiscated by the club.

2.      Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.      Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

4.      Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also

violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5. Defendants owe Plaintiffs minimum wages, house fee charges, tips, liquidated damages, attorney's fees, and costs.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff April Minnick is an individual who resides in Grundy County. Her consent to this action is attached as Exhibit A.

9. Plaintiff Lily Rihani is an individual who resides in Cook County. Her consent to this action is attached as Exhibit B.

10. Plaintiff Latalia Cunningham is an individual who resides in Lake County. Her consent to this action is attached as Exhibit C.

11. CSWS, LLC, doing business as Ocean Gentlemen's Club, is an Illinois limited liability company. This Defendant may be served with process by serving its registered agent Deborah Diez at 5555 W. 70th Place, Bedford Park, Illinois, 60630.

12. Seif El-Sharif is the owner and manager of Ocean's Gentlemen's Club and may be served with process at 17032-38 S. Halstead, Harvey, Illinois, 60426 or wherever he may be found.

13. Deborah Diez is the manager and registered agent of Ocean Gentlemen's Club and may be served at 1600 S. Prairie Ave. Ste. 204, Chicago, Illinois, 60616, or wherever she may be found.

14. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Illinois

2

and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

15.     Defendants have and continue to have systematic contacts with the State of Illinois sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Illinois by operating a very successful club near Chicago. Defendants also employ workers and contract with residents and businesses in Illinois.

16.     This cause of action arose from or relates to the contacts of Defendants with Illinois residents, thereby conferring specific jurisdiction over Defendants.

## IV.     FLSA COVERAGE

17.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18.     The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

19.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

20.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

21.     Individual owners/managers Seif El-Sharif and Deborah Diez are employers under the FLSA because they 1) have the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) are the individuals responsible for maintaining employment records.

22.     At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V.     FACTS

23.     Defendants operate an adult entertainment club in Illinois, under the name of "Ocean Gentlemen's Club" (hereafter "Ocean").

24.     Plaintiffs were previously employed as exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

25.     Plaintiffs worked on a regular basis for Defendants' gentlemen's establishment.

26.     April Minnick worked at Ocean from February 2018 until February 2019. She worked approximately 7 hours per shift and worked between 4-5 shifts per week.

27.     Lily Rihani worked at Ocean from August 2017 until December 2017. She worked approximately 10 hours per shift and worked between 1-2 shifts per week.

28.     Latalia Cunningham worked at Ocean from November 2016 to December 2018. She worked approximately 8 hours per shift and worked between 4-5 shifts per week.

29.     Plaintiffs never received any wages during their employment with the club.

30.     For example, during at least workweek between February 2018 and February 2019, April Minnick worked at Ocean as a dancer and was not paid the federal minimum wage. During at least workweek between August 2017 and December 2017, Lily Rihani worked at Ocean as a dancer and was not paid the federal minimum wage. During at least workweek between November 2016 and December 2018, Latalia Cunningham worked at Ocean as a dancer and was not paid the federal minimum wage.

31.     In fact, Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

32.     Plaintiffs were classified by Defendants as independent contractors who "leased" the premises and therefore actually paid the club to dance at the club.

33.     On at least one occasion during the statutory period, Plaintiffs left the club with negative earnings, that is, they made less than what they paid in "rental fees" to dance at the club.

34.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

19.     Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and the "house moms."

20.     Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dancers for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to dancers. As alleged, no wages were provided to dancers.

21.     Defendants illegally classified the dancers as independent contractors.  However, at all times, Plaintiffs were employees of Defendants.

22.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

23.     The following non-exhaustive list further demonstrates the dancers' status as employees:

   a.     Defendants forced all three Plaintiffs to pay a house fees to dance in the club - they paid up to $85 per shift as a "rental" fee to dance on stage at the club;

   b.     Defendants created an incentive to arrive early, the "rental" fee went up every hour;

   c.     Defendants made the decision not to pay wages or overtime;

   d.     Defendants set the price for private dances at the club and kept a portion of the dance revenues for themselves;

   e.     Defendants provided the three Plaintiffs with music, poles, stages, and extensive lighting, and the dancers simply danced;

   f.     Defendants mandated that Plaintiffs pay managers, DJs, and house moms a tip from Plaintiffs' own earnings;

   g.     Defendants employed "floor managers" who would watch Plaintiffs intently when Plaintiffs were with customers to ensure payment;

   h.     In 2018 and 2019, Defendants required Minnick and Cunningham to come to work a minimum of 4 days a week;

i.      Defendants required Cunningham and Minnick to pay a fine if they missed their minimum weekly shifts;

j.      The house moms signed in the dancers every shift;

k.      Defendants auditioned the dancers but did not provide training, the main consideration was attractiveness of the dancer;

l.      Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

m.      Plaintiff Rihani worked for Defendants for 4 months, while Cunningham and Minnick worked for more than a year for Defendants;

n.      Plaintiffs constituted the workforce without which Defendants could not perform their services;

o.      Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

24.      Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

25.      Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

26.      Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.      CAUSES OF ACTION

**COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE (COLLECTIVE ACTION)**

35.      Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

36.      Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

37.      Defendants unlawfully charged Plaintiffs rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

38.      Because they paid no wages, Defendants violated the law.

6

39.     Additionally, Defendants took tips and wages from Plaintiffs unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

40.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

## VII.     <u>DAMAGES SOUGHT</u>

41.     Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

42.     Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them, and additional wages owed.

43.     Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

44.     Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief:

A.  All unpaid wages at the FLSA mandated minimum wage rate;

B.  All misappropriated money;

C.  An equal amount of wages as liquidated damages as allowed under the FLSA;

D.  Prejudgment and post-judgment interest on unpaid back wages under the FLSA;

E.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

F.  Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,
KENNEDY HODGES, L.L.P.

By: /s/ Galvin Kennedy
Galvin B. Kennedy
N.D. Ill. Fed. Bar. No. 00796870
gkennedy@kennedyhodges.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS